72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Carl PELTO, Defendant-Appellant.
 No. 95-1381.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1995.
 
 Before: MERRITT, Chief Circuit Judge; DAUGHTREY, Circuit Judge; and OAKES, Circuit Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Defendant, Mr. Pelto, appeals from the sentence imposed after his plea to one count of tax evasion for failure to report income on his 1987 tax return. In March of 1995, the district court sentenced him to a 10-month prison term, two years supervised release, and fines and restitution totalling almost $30,000. We affirm.
 
 
 2
 Defendant raises two issues on appeal. First, he contends that the District Court committed an ex post facto violation by sentencing him under the 1994 guidelines as opposed to the 1988 guidelines which were in effect at the time his crime was committed. Second, he claims that the District Court failed to recognize its discretion to impose a community based sentence instead of a full prison term.
 
 FACTS
 
 3
 Defendant was charged with tax evasion for under-reporting income for the years 1984-1987. He pled guilty to one count of tax evasion on his 1987 return and, pursuant to a plea agreement with the government, agreed that the total tax loss for the purposes of calculating his offense level was less than $40,000. The court sentenced Defendant under Sec. 2T1.1 and Sec. 2T4.1 of the 1994 guidelines which dictate a base level of twelve for the offense and a sentencing range of 6-12 months. Defendant is a business owner with no prior offenses.
 
 ANALYSIS
 A. Ex Post Facto Claim
 
 4
 Defendant's first contention is that the court committed an ex post facto violation by applying the 1994 as opposed to the 1988 guidelines. Ordinarily, the court is directed to apply the Guidelines in effect at time of sentencing. United States Sentencing Commission, Guidelines Manual, Sec. 1B1.11(a) (Nov. 1994). However, our Court has held that:
 
 
 5
 When the Guidelines in effect at the time of sentencing provide for a higher range than those in effect at the time the crime was committed ... an ex post facto problem exists and the court must not impose a sentence in excess of that allowed by the older guidelines.
 
 
 6
 United States v. Milton, 27 F.3d 203, 210 (6th Cir.1994), cert. denied, 115 S.Ct. 741 (1995) (citation omitted); see U.S.S.G. 1B1.11(b)(1). In this case, Defendant argues that the older guidelines would yield a lesser offense level.
 
 
 7
 Defendant is incorrect, however, because even though the base offense level under the 1988 Guidelines would be lower for a $40,000 offense--a level ten instead of twelve--the 1988 guidelines provide for the inclusion of interest in the total amount. With interest included, the base offense level would be calculated at twelve. Although the interest provision was dropped when the Guidelines were amended in 1989, the tax table was adjusted in 1993, increasing the base offense levels for tax evasion across the board. Thus, the base offense level and the resulting sentence are the same for a tax loss of less than $40,000 under the 1988 and 1994 guidelines.
 
 
 8
 An ex post facto violation occurs when a defendant is sentenced under guidelines that have been made more onerous since the time the offense was committed. Miller v. Florida, 482 U.S. 423, 435 (1987). The proper test for an ex post facto violation is whether the overall punishment for the offense is greater at the time of sentencing than at the time the offense was committed, and not whether one element of the change may be more onerous; in other words, the two punishments must be compared in toto. Dobbert v. Florida, 432 U.S. 282, 294 (1977). Because the overall punishment is the same under the 1988 and the 1994 Guidelines, no ex post facto problem exists, and the district court properly sentenced Defendant under the 1994 Guidelines.
 
 
 9
 Defendant argues that the 1988 Guideline should be applied but with the 1989 amendment in force, that is, without including interest, which would lower the base offense level to ten and create an ex post facto problem. The Sentencing Guidelines, however, explicitly prohibit such mixing and matching of provisions from different years. U.S.S.G. 1B1.11(b)(2). The Guidelines contain a "whole book" rule which provides that the Guidelines Manual in effect on a particular date is to be applied in its entirety and that the court is not to apply "one section from one edition of the Guidelines Manual, and another guideline section from a different edition of the Guidelines Manual." Id. Although the provision contains an exception stating that a court may consider subsequent amendments to the applicable Guidelines Manual to the extent that they are "clarifying" rather than "substantive" changes, id., the exception does not apply here because the amendment in question is clearly a substantive change. The 1989 amendment eliminating interest from the calculation of tax loss substantially altered the wording of Sec. 2T1.1 and the accompanying application notes, and it significantly, if only temporarily, reduced the penalty for tax evasion. See United States Sentencing Commission, Guidelines Manual, Appendix C, Amendment 220 (Nov. 1989).
 
 
 10
 Defendant also attempts to argue that the interest provision is unconstitutional. He asserts that the Guidelines section providing for the inclusion of interest violates due process because an offender's penalty could be increased solely because the Government delayed in bringing charges. Even if Defendant were correct, however, that the interest provision was unconstitutional--which no court has ever found[1]--there would still be no ex post facto violation. The Supreme Court has held that a statute which is later found unconstitutional nonetheless serves as "an operative fact" to warn a defendant of the consequences of his actions. Dobbert, 432 U.S. at 298. Where the ultimate, overall punishment remains the same, the notice provided by the earlier statute is "sufficient compliance with the ex post facto provision of the United States Constitution." Id.
 
 
 11
 B. Prison time versus community based sentence
 
 
 12
 Defendant also contends that the district court failed to recognize its discretion under the Guidelines to order a community based sentence in light of the Defendant's previously clean record and strong community and family ties. He notes that the same district court judge had been reversed by the Sixth Circuit for considering a defendant's "white collar status" in making a downward departure, and he argues that the judge therefore mistakenly thought it beyond his discretion to take such a factor into account when deciding between an order of prison time or home confinement.
 
 
 13
 The district court, however, relied on the presentence report which states unequivocally that a portion of the sentence could be served in community confinement or home detention. See J.A. at 34a. In addition, although the district court judge did refer to the case in which he was reversed by the Court of Appeals, there is no indication that he mistakenly thought the rule in a departure case constrained him in his determination of whether the defendant should serve prison time or not. The district court, therefore, appears to have been aware of the extent of its discretion and to have exercised that discretion accordingly.
 
 CONCLUSION
 
 14
 Because the District Court committed no ex post facto violation in sentencing the defendant under the 1994 Sentencing Guidelines, and because the Court was aware of but chose not to exercise its discretion to order a community based sentence, we AFFIRM the judgment of the District Court.
 
 
 
 *
 The Honorable James L. Oakes, Senior United States Court of Appeals Judge for the Second Circuit, sitting by designation
 
 
 [1]
 A Sixth Circuit panel recently held in an unpublished disposition that the interest provision in the old section 2T1.1 is not unconstitutional. United States v. Abbott, 56 F.3d 65, 1995 WL 313725 (6th Cir. (TENN), May 22, 1995) (unpublished disposition) (per curiam)