NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0462n.06

No. 16-3711

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

THEODORE JACKSON, JR.,

     Defendant-Appellant.

FILED
Aug 08, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE:   BOGGS, CLAY, and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Theodore Jackson appeals the district court's judgment sentencing him to 262 months' imprisonment for armed bank robbery, in violation of 18 U.S.C. § 2113, and 120 months' imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), to run concurrently. Jackson was also sentenced to 84 months' incarceration, to run consecutively to the other sentences, for using a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Jackson's total sentence was therefore 346 months of imprisonment. On appeal, Jackson argues that the district court improperly characterized him as a career offender, pursuant to USSG § 4B1.1, and that his sentence was procedurally unreasonable based on the district court's failure to discuss the sentencing factors outlined in 18 U.S.C. § 3553(a). For the reasons set forth below, we **AFFIRM** the judgment of the district court in part and **VACATE** the judgment in part. This case is therefore **REMANDED** for resentencing in a manner not inconsistent with this opinion.

**BACKGROUND**

Defendant Theodore Jackson, along with a co-defendant, committed armed bank robbery on February 6, 2004, in Euclid, Ohio. Jackson was charged with three offenses: armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); carrying and brandishing a firearm during the bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 3). After a jury trial, Jackson was found guilty of all three charges. Based on Jackson's two prior Ohio convictions for aggravated robbery in 1995 and 1996, as well as his 1996 Ohio conviction for attempted robbery, the district court determined that Jackson was an armed career criminal. Jackson therefore faced a fifteen year mandatory minimum sentence on Counts 1 and 3, as well as a seven year mandatory consecutive sentence on Count 2. The district court sentenced Jackson to 276 months of imprisonment on Counts 1 and 3, as well as 84 months' imprisonment on Count 2, to run consecutively, for a total sentence of 360 months of incarceration.

While Jackson was serving his sentence, the Supreme Court issued *Johnson v. United States*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), codified as 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Id.* at 2563. Jackson subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he argued that he was no longer an armed career criminal in light of *Johnson*. The government conceded that the ACCA no longer applied, as at least one of Jackson's prior convictions no longer qualified as a predicate offense after the residual clause was invalidated. The district court granted the motion to vacate Jackson's sentence and held a new sentencing hearing for Jackson on June 24, 2016.

In the sentencing memorandum submitted prior to the hearing, Jackson argued that because he was no longer considered an armed career criminal, his guidelines range, after accounting for the mandatory consecutive minimum sentence of seven years on Count 2, would be 176 to 199 months of imprisonment. The government, in response, argued that while Jackson should no longer be designated as an armed career criminal under the ACCA, he should still be considered a career offender under the sentencing enhancement provided in § 4B1.1 of the Sentencing Guidelines. Thus, the government asked that the same 360 month sentence be imposed, at a minimum.

At the sentencing hearing, the district court heard arguments on the issue of whether Jackson should be considered a career offender and ultimately sided with the government. After applying the career offender enhancement, the district court calculated a Guidelines range of 262 to 327 months on Count 1, as well as an 84 month minimum on Count 2, and a 120 month sentence for Count 3. The district court arrived at a sentence at the bottom of the Guidelines— 262 months of imprisonment on Count 1 to run concurrently with a 120 month sentence for Count 3, plus a sentence of 84 months on Count 2, to run consecutively. Thus, the district court imposed a total sentence of 346 months' incarceration. This timely appeal followed.

## DISCUSSION

Jackson's appeal presents two issues. First, he contends that the district court improperly sentenced him as a career offender, pursuant to § 4B1.1 of the Sentencing Guidelines. Second, Jackson argues that his sentence was procedurally unreasonable based on the district court's failure to discuss the sentencing factors outlined in 18 U.S.C. § 3553(a). We discuss each of these arguments in turn.

## I.      Career Offender Sentencing Enhancement

Section 4B1.1 of the Sentencing Guidelines contains a career offender enhancement, which provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). The Guidelines, at the time of Jackson's sentencing,[1] further defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (2015). The last clause defining a crime of violence as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. The identical language in the ACCA's residual clause definition of "violent felony," codified as 18 U.S.C § 924(e)(B)(ii), was found unconstitutionally vague by the Supreme Court in *Johnson*, 135 S. Ct. at 2563. Because the same language was used in both the ACCA and the career offender enhancement of the Sentencing Guidelines, this Court extended the logic of *Johnson* to hold that the residual clause of the Sentencing Guidelines was also

---

[1] After Jackson was sentenced, the Guidelines were amended to remove the residual clause. *See* USSG Supp. App. C., amendment 798, 81 Fed. Reg. 4741-02 (Jan. 27, 2016). A "crime of violence" is now defined as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is one of the following offenses: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material." USSG § 4B1.2(a) (2016).

unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017).

During the pendency of this appeal, however, the Supreme Court issued its opinion in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. Consequently, *Pawlak* is no longer good law. *See United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017); *United States v. Kennedy*, -- F. App'x --, 2017 WL 1078552, at *6 (6th Cir. Mar. 22, 2017). For purposes of this appeal, we therefore consider § 4B1.2(a) "as it existed at the time of [Jackson's] sentencing, giving effect to the residual clause." *United States v. Tibbs*, -- F. App'x --, 2017 WL 1314933, at *2 (6th Cir. Apr. 10, 2017). With this background in mind, we "review de novo a district court's determination that a prior conviction is a crime of violence" under § 4B1.1 of the Sentencing Guidelines. *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) (citing *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009)).

At Jackson's resentencing, the district court determined that Jackson qualified as a career offender based on the following two prior convictions: (1) a 1996 conviction for attempted robbery, in violation of Ohio Revised Code §§ 2911.02 and 2923.02 (1994); and (2) a 1995 conviction for aggravated robbery, in violation of Ohio Revised Code § 2911.01 (1994), with violence and gun specifications.[2] Jackson also was convicted in 1996 for a second aggravated robbery, but without the violence and gun specifications, which the district court did not consider a "crime of violence" for the career offender enhancement. Based on the determination that Jackson was a career offender, the district calculated his total offense level as a 34 and his

---

[2] Ohio subsequently revised these sections of the Code to include additional elements. *See* Ohio Rev. Code §§ 2911.01(A), 2911.02 (eff. July 1, 1996).

criminal history category as a VI, yielding a Guidelines range of 262 to 327 months' imprisonment on Count 1, to run concurrently with a 120 month sentence on Count 3. Without the sentencing enhancement, Jackson would have had an offense level of 24 and criminal history category of V, making his Guidelines range 92 to 115 months on those counts.

On appeal, Jackson argues that the district court improperly found that he was a career offender based on these two prior convictions. Jackson argues that the pre-1996 robbery and aggravated robbery statutes do not criminalize behavior that would count as a "crime of violence" in the absence of the residual clause. The government, relying on *Pawlak*, conceded that the district court erred in considering Jackson a career offender and asked that Jackson's sentence be vacated and remanded for resentencing.

However, as explained above, the Supreme Court, in *Beckles*, abrogated this Court's holding in *Pawlak*. The residual clause is not subject to a void for vagueness challenge in the context of the Sentencing Guidelines, as the Guidelines, unlike the ACCA, do not require a mandatory minimum sentence but instead "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. Therefore, it is immaterial whether Jackson's prior convictions would not be considered crimes of violence under the use of force clause, as long as they would still qualify under the residual clause.

Prior to the Supreme Court's decision in *Johnson*, this Court had already determined that aggravated robbery, as criminalized in the pre-1996 version of Ohio Revised Code § 2911.01, qualified as a violent felony based on the residual clause. Under this version of the statute, a person commits aggravated robbery if, "in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense," he

either "(1) [has] a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control," or he "(2) [i]nflict[s], or attempt[s] to inflict serious physical harm on another." Ohio Rev. Code. § 2911.01(A) (1994). In *United States v. Sanders*, 470 F.3d 616 (6th Cir. 2006), this Court held that, with regard to subsection (1):

> it cannot be seriously argued that possessing a weapon or ordnance while committing or attempting to commit a theft does not pose a serious potential risk of physical injury to the victim, any bystanders and, possibly, the responding officer. Likewise, possessing a weapon or ordnance while in flight presents a similar risk to anyone with whom the fleeing person may come into contact.

*Id.* at 621. Similarly, the *Sanders* Court noted that the second subsection "clearly implicates 18 U.S.C. § 924(e)(2)(B)(i), because it explicitly involves 'the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Therefore, under this Court's prior holding, "the statutory definition of aggravated robbery is sufficient to support the conclusion that the conviction constitutes a violent felony under the ACCA." *Id.* at 620.

We have also determined that attempted robbery, as codified in the 1994 versions of Ohio Revised Code §§ 2911.02 and 2923.02, qualified as a violent felony under both the use of force clause and the residual clause of the ACCA. *United States v. Mansur*, 375 F. App'x 458, 464–65 (6th Cir. 2010). Under that version, a person committed robbery if, "in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense," he "use[d] or threaten[ed] the immediate use of force against another." Ohio Rev. Code § 2911.02(A) (1994).

While *Mansur* and *Sanders* decided the issue of whether robbery and aggravated robbery qualified as violent felonies under the ACCA, their holdings are equally applicable to the

definition of "crimes of violence" as used in the Sentencing Guidelines. *See United States v. Covington*, 738 F.3d 759, 763 (6th Cir. 2014) ("Because a violent felony under the ACCA and a crime of violence under the Guidelines 'share essentially the same definitions,' this Court applies the same analysis to determine whether a defendant's prior conviction constitutes a crime of violence under the Guidelines." (quoting and citing *United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009))).

Based on these prior decisions, we recognize that attempted robbery and aggravated robbery, as defined by the relevant Ohio statutes in effect in 1994, constitute crimes of violence under the Sentencing Guidelines. Furthermore, because Jackson had two convictions for aggravated robbery and one conviction for attempted robbery, the district court did not err in sentencing Jackson as a career offender. Thus, we affirm Jackson's sentence insofar as he challenges his designation as a career offender under § 4B1.1 of the Sentencing Guidelines.

## II. Discussion of the Sentencing Factors

Jackson also argues that the district court abused its discretion by imposing a procedurally unreasonable sentence because the sentencing judge did not address the § 3553(a) factors and did not explain how he arrived at the sentence imposed. A district court makes a significant procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Although the district court need not explicitly reference each of the § 3553(a) factors, there must be sufficient evidence in the record to affirmatively demonstrate that the court gave each of them consideration." *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (citing *United States v. Simmons*, 501 F.3d 620, 625

(6th Cir. 2007)). "A sentencing explanation is adequate if it allows for meaningful appellate review, which is accomplished by 'set[ting] forth enough [of a statement of reasons] to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011) (alterations in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (citing *Gall*, 552 U.S. at 50).

At the original 2005 sentencing, the district court spent the majority of the hearing determining what the applicable Guidelines range should be. After determining that Jackson had a Guidelines range of 360 months to life, the court remarked:

> I'm also going to look at all the Section 3553(a) factors. And what I am going to do is I'm going to take into consideration everything that should be, but I'm going to sentence you at the lowest end of those guidelines. And I think that would take into consideration all the factors that the Court is required to take into consideration . . . .

(R. 115, First Sentencing Tr., PageID #755.) The district court then proceeded to impose a sentence of 360 months' imprisonment.

At the beginning of the second sentencing hearing, which was conducted in 2016 after Jackson's first sentence was vacated, the district court announced that he was "going to incorporate by reference everything we did in the original sentence." (R. 166, Second Sentencing Tr., PageID #711.) The court made a "tentative finding" of Jackson's offense level and criminal history category and then explained:

> I'm going to look at 18 U.S. Code, Section 3553(a) statute that enumerates a lot of factors, and I'll take that look at your background, your character, history, go through all that, compare it to all the facts and circumstances in the case, and fashion a sentence that's sufficient but not greater than necessary to meet the ends of justice.

(*Id.*, at 713–14.) The court then conducted a detailed discussion about whether Jackson should be considered a career offender.

After the district court ruled that Jackson was, in fact, a career offender, Jackson's counsel asked to be heard regarding a downward variance. Defense counsel articulated the following reasons for a lower sentence: (1) no one was injured in the bank robbery and almost all the money was recovered; (2) Jackson suffers from mental health issues; (3) Jackson's co-defendant was only sentenced to 108 months' imprisonment, creating a sentencing disparity; and (4) the time Jackson has already served in prison has been particularly difficult given the extreme level of violence present in the prison where he has been incarcerated. Jackson also exercised his right of allocution and testified about how miserable his time in prison has been so far.

After hearing the defense's arguments, as well as the government's request for a sentence within the Guidelines range, the district court proceeded to announce that he would impose the minimum Guidelines sentence of 262 months on Count 1, to run concurrently with a 120 month sentence on Count 3, as well as an 84 month consecutive sentence on Count 2. Upon hearing this sentence, Jackson started yelling and asking to leave the courtroom. The sentencing hearing ended abruptly without any further explanation of how the district court arrived at the minimum sentence, whether it considered the § 3553(a) factors, and why it was denying Jackson's request for a downward variance.

Seemingly due to the confusing nature of the end of the sentencing hearing, defense counsel failed to raise the issue of the district court's lack of explanation. Indeed, when the district court asked, in the midst of the commotion, whether either party had "[a]ny objections that haven't already been raised," (R. 166, at 728), in line with *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), Jackson's counsel only said that he wished to preserve his objections to

the career offender enhancement. The day after the hearing, and before the district court issued the judgment, Jackson filed a notice of objections to the sentence, raising this issue and citing *Bostic*. Two days later, the district court issued its judgment without addressing Jackson's objections contained in the notice.

Because defense counsel filed a notice with the district court, Jackson properly preserved this issue for appeal. Therefore we review the procedural reasonableness of Jackson's sentence "under the deferential abuse-of-discretion standard," *Brooks*, 628 F.3d at 795 (citation omitted), instead of for plain error, *see Bostic*, 371 F.3d at 873 (holding that, if a party does not raise an objection after being given a final opportunity to raise new objections, "that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal").

We furthermore agree with Jackson that the district court made a significant procedural error in not articulating its reasons for arriving at the sentence it imposed. As detailed above, the district court only made passing reference to the § 3553(a) factors, explaining that he had to consider them but failing to detail how they affect the Guidelines range. All that is apparent from the record is that the district court thought that a sentence at the minimum of the Guidelines range was appropriate. However, the court did not explain why that was so and also did not address at all the request for a downward variance.

This Court has vacated sentences for similar reasons in previous cases. For example, in *United States v. Thomas*, 498 F.3d 336 (6th Cir. 2007), this Court vacated a sentence because:

> the district court considered the applicable Guidelines range, but not much else. The district court generally noted "the defendant's background and behavior in this particular case" but otherwise never mentioned anything resembling the § 3553(a) factors, save a conclusory reference to "considering the additional factors contained within 18 [U.S.C.] Section 3553(a)."

*Id.* at 340 (alteration in original) (citations omitted). The district court in *Thomas* also failed to address the arguments contained in the defendant's sentencing memorandum beyond generally noting "that it had received, read, and understood the sentencing memorandum." *Id.* at 341. However, that "conclusory statement [left this Court] unsure as to whether the district court adequately considered and rejected [the defendant's] arguments regarding proper application of the § 3553(a) factors or whether it misconstrued, ignored, or forgot [the defendant's] arguments." *Id.* This Court thus vacated the defendant's sentence "[b]ecause the district court did not 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (quoting *Rita*, 551 U.S. at 356).

Similarly, this Court vacated the defendant's sentence in *United States v. Penson*, 526 F.3d 331 (6th Cir. 2008), because:

> [b]eyond mentioning casually and generally on the first day of the sentencing hearing that it could apply the § 3553(a) factors, the district court never verbalized which of these factors were particularly important to the circumstances of this case or how it selected the sentence in light of these factors. Indeed, the district court did not again make any mention of § 3553(a) or the factors listed therein and, thus, left us no record on review showing that it considered the § 3553(a) factors.

*Id.* at 338. Furthermore, the district court did not satisfy its duty to explain its sentence merely by stating, "I think a sentence within the guideline range is appropriate." *Id.*

Just as in *Thomas* and *Penson*, the district court in this case failed to properly articulate its reasoning for arriving at Jackson's sentence. The district court only made passing reference to the § 3553(a) factors, and, indeed, this reference was at the beginning of the sentencing hearing when explaining the procedure that would be used. After both parties had presented

their arguments, the district court announced the sentence without ever mentioning any of the factors set forth in § 3553(a).

The district court also did not address Jackson's arguments for why he deserved a below-guidelines sentence. While the district court may have ultimately rejected those arguments, the court still was required to make clear that it at least considered them. *See Thomas*, 498 F.3d at 341 n.3 (noting that while the dissent in that case provided reasons why the district court may have rejected the defendant's arguments, "it is not our role to supply reasons for the district court's sentencing determination where the district court itself supplied none"). Although district courts are generally granted considerable leeway in determining how much explanation is required in a given case, *see Rita*, 551 U.S. at 356, in this case, the district court did not supply even the minimum required explanation. Therefore, the district court abused its discretion, and this case is remanded for resentencing.

## CONCLUSION

For the reasons stated above, we **AFFIRM** Jackson's sentence insofar as he challenges his designation as a career offender, but **VACATE** the sentence because the district court failed to provide a sufficient justification regarding the § 3553(a) factors. This action is therefore **REMANDED** for resentencing in a manner not inconsistent with this opinion.