[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10083
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00032-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKEL ALEMIN CRAIG,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 28, 2017)

Before HULL, MARCUS, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Mikel Alemin Craig appeals his 300-month sentence after pleading guilty to

a single count of sex trafficking by force, fraud, or coercion, in violation of 18

U.S.C. §§ 1591(a)(1), (b)(1) and 2.  After thorough review of the record and the parties' briefs, we affirm.

## I.  BACKGROUND

### A.    The Plea Agreement

On August 19, 2015, Craig pled guilty pursuant to a written plea agreement to sex trafficking by force, fraud, or coercion, as alleged in Count 1 of the indictment.  Craig and the government submitted a statement of facts in conjunction with the plea agreement describing Craig's scheme to make money by forcing S.D., a 19-year-old woman who was addicted to cocaine, to perform sex acts.

Specifically, Craig posted an ad on the website Backpage.com that showed S.D. posing in a motel room.  Though the ad was posted in a section for "escort services," the purpose of the ad was to offer S.D. for commercial sexual activity. S.D. then engaged in sexual activity for money with persons who responded to the ad.  According to the statement of facts, Craig coerced S.D. to engage in sexual activity through physical violence and the threat of physical violence, and by providing her with cocaine, which he then forced her to pay for by performing sex acts for money.  Craig collected the proceeds of and profited from S.D.'s commercial sexual activity.  The district court accepted Craig's plea.

**B.     The PSI**

The probation office prepared a presentence investigation report ("PSI").  In addition to the facts contained in the proffered statement of facts, the PSI stated that Craig had been involved with the prostitution of at least four women, including S.D., and that he repeatedly beat S.D., pulled out her hair, and threatened her.  [It also stated that "[i]n order to carry out the meetings between S.D. and the customers, [Craig] recruited a driver, 'W.S.', to provide S.D. with transportation to and from locations" where commercial sex acts were performed.  In an interview with law enforcement, W.S. later "corroborated the physical harms suffered by S.D. at the hands of [Craig]."

The PSI assigned Craig a total offense level of 34 and a criminal history category of VI, resulting in an advisory guidelines range of 262 to 327 months' imprisonment.  Included in Craig's total offense level was a two-level increase under U.S.S.G. § 3B1.1(c) because Craig was an organizer, leader, manager, or supervisor in the offense.  The PSI stated that the increase was appropriate because Craig organized a prostitution scheme by creating online ads on Backpage.com, coordinated contact between at least four adult females and customers seeking prostitutes, and "recruited a driver to facilitate the offense by providing transportation for the victim to the location(s) where commercial sex acts were performed."

3

The total offense level also included a career offender enhancement under U.S.S.G. § 4B1.1 because Craig was at least 18 years old at the time of the offense, the offense was a "crime of violence" as defined under U.S.S.G. § 4B1.2, and Craig had three prior felony convictions for controlled substance offenses. The PSI stated that the instant offense was considered a crime of violence under the elements clause of § 4B1.2(a)(1) because the statement of facts admitted to by Craig in pleading guilty listed elements including the use of physical force and threats of physical harm. The PSI also noted that an offense under 18 U.S.C. § 1591(a)(1) can be considered a crime of violence under the residual clause of § 4B1.2(a)(2). Neither party filed any objections to the PSI or a sentencing memorandum.

On January 7, 2016, the district court sentenced Craig. At the sentencing hearing, the parties were asked if they had any objections to the PSI, and both indicated that they did not. After hearing arguments from the parties about an appropriate sentence, the district court imposed a within-guidelines sentence of 300 months. Craig timely appealed.

Although Craig filed no objections to the PSI in the district court, on appeal Craig raises arguments about two guidelines calculations. First, Craig argues that the district court plainly erred in imposing a two-level role enhancement pursuant to U.S.S.G. § 3B1.1. Second, he contends that the district court plainly erred in

imposing the career offender enhancement because the offense of conviction was not a "crime of violence" pursuant to U.S.S.G § 4B1.2.  We discuss our plain-error standard of review and then Craig's claims on appeal.

## II.  STANDARD OF REVIEW

Ordinarily, we review a district court's interpretation of the sentencing guidelines de novo and its factual determinations for clear error.  United States v. Barrington, 648 F.3d 1178, 1194-95 (11th Cir. 2011).  An argument raised for the first time on appeal, however, is reviewed for plain error.  United States v. Clark, 274 F.3d 1325, 1326 (11th Cir. 2001) (per curiam).  Plain error requires (1) an error, (2) that is plain, and (3) that affects substantial rights.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  If all three conditions are met, we may correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotations omitted).

"'Plain' error means that the legal rule is clearly established at the time the case is reviewed on direct appeal."  United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015) (per curiam).  "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

The government must prove the facts supporting a sentencing enhancement by a preponderance of the evidence. United States v. Zitron, 810 F.3d 1253, 1261 (11th Cir. 2016). A defendant's failure to object to factual statements in the PSI renders those statements undisputed, and the district court may "rely upon them without error even if there is an absence of supporting evidence." United States v. Aguilar-Ibarra, 740 F.3d 587, 592 (11th Cir. 2014) (quotation omitted).

### III.  DISCUSSION

**A.    Aggravating Role Enhancement**

Section 3B1.1(c) of the sentencing guidelines provides for a two-level aggravating role enhancement where a defendant "was an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants or was not "otherwise extensive." U.S.S.G. § 3B1.1(c); see id. § 3B1.1(a), (b). "A 'participant' is a person who is criminally responsible for the commission of the offense," though he or she need not be convicted. Id. § 3B1.1 cmt. n.1. An individual who provides knowing assistance in a criminal scheme is considered a "participant." See Zitron, 810 F.3d at 1262. The assertion of control over a single participant is sufficient to sustain an aggravating role enhancement under § 3B1.1(c). United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000).

Here, the district court did not plainly err in imposing a two-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(c) because the facts

6

set forth in the PSI establish by a preponderance of the evidence that Craig managed or led at least one other criminally responsible participant—an individual identified as W.S.—in the sex trafficking offense.  The district court was presented with undisputed evidence that: (1) Craig recruited W.S. to transport the victim to and from locations, including various hotel chains, where the victim would engage in commercial sexual activity, and (2) W.S. was aware of the physical harm that Craig inflicted on the victim—including threats and repeated beatings—to cause her to engage in commercial sex acts.  These facts, taken together, are sufficient to demonstrate by a preponderance of the evidence that W.S. knowingly assisted Craig in sex trafficking, and was therefore a criminally responsible participant.

## B.    Career-Offender Enhancement

Under the sentencing guidelines in effect when Craig was sentenced on January 7, 2016, a defendant is a "career offender" if: (1) the defendant was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is a felony that is either a "crime of violence" or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a) (2015).

Under the 2013 version of the guidelines used to calculate Craig's sentence, a "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment
> for a term exceeding one year, that—

7

(1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2013).  Subsection (a)(1) of § 4B1.2 is referred to as the "elements clause," while subsection (a)(2) contains enumerated crimes and the "residual clause."  See United States v. Lockley, 632 F.3d 1238, 1240-41 (11th Cir. 2011).  The Supreme Court has held that the sentencing guidelines are not subject to vagueness challenges and has upheld the residual clause of the career offender guideline.  See Beckles v. United States, __ U.S. __, __, 137 S. Ct. 886, 897 (2017); see also United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that vagueness doctrine does not apply to advisory sentencing guidelines).

Under 18 U.S.C. § 1591(a)(1), it is unlawful to knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit a person to engage in a commercial sex act, knowing or in reckless disregard of the fact that "means of force, threats of force, fraud, coercion . . ., or any combination of such means" will be used to cause the person to engage in the act.  18 U.S.C. § 1591(a)(1).  The statute defines coercion as: (1) "threats of serious harm to or physical restraint against any person"; (2) "any scheme, plan, or pattern intended to

8

cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person"; or (3) "the abuse or threatened abuse of law or the legal process."  Id. § 1591(e)(2)(A)-(C).[1]

Neither the Supreme Court nor this Court has yet addressed whether a violation of 18 U.S.C. § 1591 is a crime of violence under any of § 4B1.2(a)'s clauses.  Because (1) an error is "plain" only when the legal rule is clearly established, and (2) there is no precedent from the Supreme Court or this Court directly resolving this issue, there is no plain error here.[2]  See Hesser, 800 F.3d at 1325; Lejarde-Rada, 319 F.3d at 1291.

Moreover, the district court did not err by sentencing Craig as a career offender because his conviction under § 1591(a)(1) qualifies as a crime of violence in any event.  We need not address whether § 1591(a)(1) is a divisible statute or whether it qualifies as a crime of violence under § 4B1.2's elements clause because we conclude that the offense qualifies under § 4B1.2's residual clause.

---

[1]Section 1591(a) also makes it unlawful to knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit a person to engage in a commercial sex act when the defendant knows that the victim is less than 18 years old.  18 U.S.C. § 1591(a).  We do not address that portion of the statute today.

[2]We recognize that Craig relies on the Fourth Circuit's determination that an offense under § 1591(a)(1) is not categorically a crime of violence under 18 U.S.C. § 924(c)'s force clause.  See United States v. Fuertes, 805 F.3d 485, 498-99 (4th Cir. 2015).  But Fuertes does not help Craig because it does not make the district court's purported error plain.  See Lejarde-Rada, 319 F.3d at 1291 ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [the issue].") (emphasis added).  Moreover, Fuertes itself distinguishes its holding in the context of § 924(c) from the "more expansive definition" of a crime of violence found in U.S.S.G. § 4B1.2.  See Fuertes, 805 F.3d at 499.

In determining whether a conviction qualifies as a crime of violence under § 4B1.2's residual clause, this Court has traditionally employed a three-step categorical approach.  United States v. Hall, 714 F.3d 1270, 1273 (11th Cir. 2013).  First, we consider the offense generically, that is, we look only at the elements of the statute under which the defendant was convicted, and not at the facts underlying the conviction.  See id.; see also Mathis v. United States, 579 U.S. __, __, 136 S. Ct. 2243, 2251 (2016).  Second, we determine whether the generic offense "involves conduct that presents a serious potential risk of physical injury to another."  Hall, 714 F.3d at 1273 (internal quotation marks omitted).  Finally, if the offense does present such a risk, we classify it as a crime of violence only if it is "roughly similar, in kind as well as in degree of risk posed," to the residual clause's enumerated example crimes: burglary of a dwelling, arson, extortion, and the unlawful use of explosives.  Id.

In undertaking this analysis, we are persuaded by the Sixth Circuit's decision in United States v. Willoughby, 742 F.3d 229 (6th Cir. 2014).  There, the Sixth Circuit used a categorical approach to determine that an offense under 18 U.S.C. § 1591(a), "boiled down to its statutory definition, was the use of force, threats of force, fraud, or coercion, knowing that these actions would cause a

10

[person] to engage in a commercial sex act." Id. at 242.[3] The Sixth Circuit rejected the defendant's argument that § 1591(a) is not categorically a "crime of violence" because he could have merely used fraud against the victim, concluding that the act of causing a person "to engage in prostitution—even when the defendant's act does itself not involve force—obviously does present a 'serious potential risk of physical injury' to the victim" under § 4B1.2's residual clause. Id. The Sixth Circuit reasoned that:

> There is the risk of physical injury from the sex act itself; the risk of violence from johns, many of whom . . . are addicted to drugs; and, not least, the risk of violence from the pimps themselves. The latter risk is present regardless of whether the pimp uses force to cause his victim to engage in a sex act; because there is always a serious risk that he will use force afterward, if she disobeys his rules, fails to obtain a client, or for any number of reasons.

Id.

We agree with our sister circuit that 18 U.S.C. § 1591(a)(1) qualifies as a crime of violence under § 4B1.2's residual clause because the act of forcing or coercing another person to engage in commercial sexual acts clearly presents a serious potential risk of physical injury to the victim that is at least similar in kind to the risks presented in the enumerated crimes of § 4B1.2.

---

[3]Willoughby was decided in the context of § 1591(a)(1)'s prohibition on child sex trafficking. Nonetheless, we believe that the Sixth Circuit's logic applies with equal force in this situation.

11

## C.    Amendment 798

Craig also contends that his conviction cannot qualify under the residual clause because a recent amendment to the sentencing guidelines has removed the residual clause from § 4B1.2.  Craig is correct that, effective August 1, 2016, § 4B1.2 was amended.  See U.S.S.G. Supp. to App. C, amend. 798 (2016). Though the elements clause remains unchanged, the residual clause was eliminated and replaced with a revised list of enumerated offenses.  See id; see also U.S.S.G. § 4B1.2(a) (2016).  The Sentencing Commission has indicated that Amendment 798 is not to be applied retroactively.  See U.S.S.G. § 1B1.10(d) (2016).

In reviewing the district court's application of the guidelines, we typically apply the version of the guidelines in effect at sentencing.  United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011).  Where a subsequent amendment clarifies the meaning of a guideline, rather than making a substantive change, however, we will consider that amendment on appeal.  Id.; see also U.S.S.G. § 1B1.11(b)(2) (directing courts to consider subsequent amendments to the guidelines, to the extent they make clarifying, rather than substantive, changes).  In determining whether an amendment is substantive or clarifying, we consider several factors, including: (1) whether the amendment alters the text of the guideline itself, suggesting a substantive change, or merely the commentary, (2) whether the Sentencing Commission has described the amendment as clarifying

12

or whether its statements in the amendment commentary reflect a substantive change, (3) whether the Sentencing Commission has included the amendment in its list of retroactive amendments, U.S.S.G. § 1B1.10(d), and (4) whether the amendment has overturned circuit precedent. Jerchower, 631 F.3d at 1185.

Craig's argument that we should apply the revised version of § 4B1.2 that eliminates the residual clause fails because Amendment 798 is substantive and not retroactively applicable. Amendment 798 significantly changed the guideline's language, which "strongly suggests that a substantive change was being made." See United States v. Summers, 176 F.3d 1328, 1331 (11th Cir. 1999). Further, the Sentencing Commission's statements in its commentary to Amendment 798 reflect that it sought to substantively change the guideline. See U.S.S.G. Supp. to App. C, amend. 798, Reason for Amendment; see also Jerchower, 631 F.3d at 1185. Finally, the amendment is not listed as retroactive in U.S.S.G. § 1B1.10(d). Thus, because Amendment 798 is substantive, rather than clarifying, we do not consider it on appeal. See Jerchower, 631 F.3d at 1184.

## IV. CONCLUSION

Because the district court did not plainly err in applying either the aggravating role enhancement or the career-offender enhancement to Craig, we affirm Craig's 300-month sentence.

**AFFIRMED.**

13