RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0187p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 17-4258

THEODORE WILLIAM JACKSON, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
Nos. 1:04-cr-00111; 1:16-cv-00501—Donald C. Nugent, District Judge.

Decided and Filed:  August 24, 2018

Before:  BOGGS, CLAY, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Jeffrey B. Lazarus, FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for
Appellant.  Ranya Elzein, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for
Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge.  Theodore Jackson has seen the twists and turns of American
sentencing doctrine firsthand.  A federal court first sentenced him under the Armed Career
Criminal Act.  After the Supreme Court invalidated the Act's residual clause, the court
resentenced him as a career offender under the sentencing guidelines.  Then the Sentencing
Commission amended the guidelines to delete its residual clause.  After we remanded Jackson's
sentence for procedural error, the district court applied the unamended guidelines and sentenced

him again as a career offender. Jackson appeals, insisting that the court should have applied the guidelines without the residual clause. Because the court correctly applied the right version of the guidelines, we affirm.

I.

In 2004, Jackson was convicted of armed bank robbery, carrying and brandishing a firearm during the bank robbery, and being a felon in possession of a firearm. Based on his two prior convictions for Ohio aggravated robbery and one prior conviction for Ohio attempted robbery, the court designated Jackson an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to 360 months in prison.

In 2015, the Supreme Court invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). Jackson moved to vacate his sentence, *see* 28 U.S.C. § 2255, arguing that his two aggravated robbery convictions no longer counted as violent felonies. The government conceded that Jackson no longer qualified as an armed career criminal and that his sentence had to be vacated.

What looked like a final resolution of the case was not. The sentencing guidelines' career offender enhancement also included a residual clause. *See* U.S.S.G. § 4B1.2(a)(2) (2015). In 2016, we held that *Johnson*'s logic applied to the guidelines' residual clause as well. *United States v. Pawlak*, 822 F.3d 902, 904 (6th Cir. 2016). Nevertheless, at Jackson's subsequent resentencing, the district court found that his 1995 aggravated robbery conviction and his attempted robbery conviction were still crimes of violence under the guidelines' force clause, qualifying him for the enhancement. The court resentenced Jackson to 346 months.

In 2017, we affirmed the judgment of the district court in part and vacated it in part. 704 F. App'x 484. Jackson argued that, in the aftermath of *Pawlak*'s invalidation of the guidelines' residual clause, neither his attempted robbery nor his 1995 aggravated robbery conviction should have counted as a crime of violence. *Id.* at 488. But we recognized that the Supreme Court, in *Beckles v. United States*, 137 S. Ct. 886 (2017), had upheld the guidelines' residual clause, abrogating *Pawlak*. *Jackson*, 704 F. App'x at 487. We also noted that Amendment 798, in which the Sentencing Commission deleted the residual clause from the guidelines, was not in

effect at Jackson's 2016 resentencing. *Id.* at 487 n.1. Applying the 2015 guidelines, we held that Jackson's aggravated robbery convictions and his attempted robbery conviction amounted to crimes of violence under the residual clause. *Id.* at 488–89. Even so, we held that the court committed procedural error by failing to explain the sentence imposed. *Id.* at 492. That led to another round of resentencing.

At the next round, Jackson argued that he should be subject to the 2016 guidelines, which incorporated Amendment 798 and thus did not include the residual clause. The district court disagreed and, after applying the career offender enhancement, resentenced Jackson to 244 months.

II.

On appeal, Jackson argues that the district court should not have used the 2015 guidelines. District courts ordinarily should use the version of the guidelines in effect on the date of sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii); *United States v. Davis*, 397 F.3d 340, 346 (6th Cir. 2005); U.S.S.G. § 1B1.11(a). But sentencing remands differ. When we remand a case because the sentence was imposed "in violation of law," the district court must use the version of the guidelines in effect on the date it imposed the prior sentence. 18 U.S.C. § 3742(f)(1), (g)(1).

Jackson's earlier sentence was imposed "in violation of law." In our 2017 decision, we held that the district court imposed a procedurally unreasonable sentence by failing to explain the grounds for it. *Jackson*, 704 F. App'x at 492. A procedurally unreasonable sentence, as one might expect, counts as one imposed "in violation of law." *United States v. Trejo-Martinez*, 481 F.3d 409, 412 (6th Cir. 2007); *see* 18 U.S.C. § 3742(a). Congress has made clear that, when a court of appeals reverses a sentence imposed "in violation of law," it must remand the matter for a new sentencing hearing under the guidelines in effect at the time of the previous sentencing hearing. *See* 18 U.S.C. § 3742(f), (g). Consistent with that language, our court has come to the same conclusion. *See United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011). The district court thus was required to apply the 2015 guidelines, which were in effect at the time of Jackson's previous sentencing hearing.

Under the 2015 guidelines, Jackson qualifies for the career offender enhancement. As we explained before, Jackson's aggravated robbery convictions qualify as crimes of violence under the guidelines' residual clause. *See Jackson*, 704 F. App'x at 488–89. And Jackson's attempted robbery conviction likewise counts as a crime of violence under the residual clause. *Id.* at 489. Because Jackson has at least two prior convictions for crimes of violence and because the 2004 armed bank robbery conviction counts as a crime of violence, he is eligible for the career offender enhancement.

Jackson tries to counter this conclusion on two grounds. Neither is persuasive.

*First*, Jackson urges us to apply Amendment 798 retroactively. When a court applies an earlier version of the guidelines in imposing a sentence, "the court shall consider subsequent amendments, to the extent such amendments are clarifying rather than substantive changes." U.S.S.G. § 1B1.11(b)(2). Whether Amendment 798 applies retroactively therefore turns on whether it was "clarifying" or "substantive." A clarifying amendment is one that "changes nothing concerning the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant." *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007) (quotation omitted). Anything else is substantive.

Amendment 798 has many parts. In addition to deleting the residual clause, it modifies the enumerated-offenses clause by moving text from the commentary into the body of the guidelines. One of our unpublished opinions, *United States v. Kennedy*, treats Amendment 798 as clarifying "with respect to enumerated offenses." 683 F. App'x 409, 419 (6th Cir. 2017). But it did not deal with the residual clause. *Id.* The same is true of our later decision in *United States v. Yates*. It too did not deal with the residual clause. *See* 866 F.3d 723, 732 (6th Cir. 2017).

Nothing prohibits an amendment from being clarifying in part and substantive in part. The guidelines say as much. They tell a sentencing court to consider subsequent amendments "to the extent" they clarify a provision. U.S.S.G. § 1B1.11(b)(2). Had the Commission intended amendments to be all one or all the other, it would have told courts to consider amendments "if" they clarify, not "to the extent" they clarify.

Consistent with this understanding, we have held that only a portion of an amendment was clarifying before. *United States v. Geerken* involved Amendment 664, a 51-page amendment that made numerous changes to the guidelines for child pornography and sexual abuse offenses. 506 F.3d 461 (6th Cir. 2007). One small part of the amendment was a new application note clarifying that a video of child pornography should count as 75 images for sentencing purposes. U.S.S.G. supp. app. C, amend. 664, at 49 (2008). We analyzed the application note in isolation, determined that it clarified existing law, and concluded that "the application note added to the Guidelines in 2004 was a clarifying amendment." *Geerken*, 506 F.3d at 466. We didn't mention the other 50 pages of the amendment, which included quintessentially substantive changes, such as raising the base offense level for certain crimes. *See* U.S.S.G. supp. app. C, amend. 664, at 12, 16, 20, 22, 45 (2008); *see also United States v. Pelto*, No. 95-1381, 1995 WL 717040, at *2 (6th Cir. Dec. 5, 1995) (amendment reducing penalty is "clearly" substantive). All of this shows that one portion of an amendment may be clarifying without all of it being so.

Amendment 798 has clarifying and substantive pieces. It deals with two provisions—the enumerated-offenses clause and the residual clause—and each has extensive doctrine built around it. The amendment's treatment of each clause differs. And the Commission's justifications for the changes reflect that difference. With the enumerated-offenses clause, it made the change "[f]or easier application." U.S.S.G. supp. app. C, amend. 798, at 129 (2016). With the residual clause, it sought to implement the lessons of *Johnson*. *Id.* at 128. Because each portion has a unique history, purpose, and effect, each should be analyzed separately.

The deletion of the residual clause amounts to a substantive change. That's how the Commission characterized it, and the amendment changes the text of the guideline itself rather than resolving an ambiguity in it. *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004). The Commission did not use its authority to make the amendment retroactive, as it has for other amendments, *see* U.S.S.G. § 1B1.10(d), and it characterized the deletion not as "clarifying" but as a "matter of policy," U.S.S.G. supp. app. C, amend. 798, at 128 (2016). While it is true that deleting the residual clause resolved an ambiguity in the guidelines, it did so not by clarifying

existing law but rather by eliminating that law and making a new, clearer law.  *See United States v. Adkins*, 883 F.3d 1207, 1212 (9th Cir. 2018).

Further support for this conclusion comes from the Supreme Court, which characterized *Johnson* as effecting a substantive change.  As the Court put it, "*Johnson* changed the substantive reach of the Armed Career Criminal Act" by "altering the range of conduct or the class of persons that the [Act] punishes."  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (quotation omitted).  If *Johnson*'s change was substantive, so was this one.  *See Adkins*, 883 F.3d at 1213.

In reaching this conclusion, we have plenty of company.  *See United States v. Frates*, 896 F.3d 93, 102 (1st Cir. 2018); *United States v. Gonzales*, 714 F. App'x 367, 370–71 (5th Cir. 2017); *Adkins*, 883 F.3d at 1213; *United States v. Craig*, 706 F. App'x 545, 550–51 (11th Cir. 2017).  We know of no contrary appellate authority.

*Second*, Jackson points out that *Yates* held that Ohio robbery, which shares the language of the attempted robbery statute, does not qualify as a crime of violence under the guidelines' force clause.  866 F.3d at 732.  That's right.  But it doesn't matter.  *Yates* did not examine the robbery statute under the residual clause, leaving untouched our prior decision that Jackson's attempted robbery conviction counts as a crime of violence.

We affirm.