**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0405n.06

Case No. 19-5046

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jul 14, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHAEL STEPHENS, a.k.a. Michael | ) | THE WESTERN DISTRICT OF |
| Williams, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MOORE, SUTTON, and DONALD, Circuit Judges.

PER CURIAM. Michael Stephens pleaded guilty to conspiring to distribute drugs. He received a career-offender enhancement on the ground that the offense counts as a "controlled substance offense." U.S.S.G. § 4B1.2(b). The government concedes error in light of *United States v. Havis*, 927 F.3d 382, 386–87 (6th Cir. 2019) (en banc) (per curiam). We vacate and remand for resentencing.

In 2014, Stephens pleaded guilty to conspiring to possess and distribute over 500 grams of cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. The court treated him as a "career offender" under § 4B1.1(a) of the sentencing guidelines. The designation increased Stephens' guidelines range from 130–162 months to 188–235 months. The court imposed a below-guidelines sentence of 180

months, which we affirmed on appeal. *United States v. Stephens*, 651 F. App'x 445, 446–47 (6th Cir. 2016).

A few weeks later, the Supreme Court clarified how to determine whether a crime qualifies as a "violent felony" under the Armed Career Criminal Act. *Mathis v. United States*, 136 S. Ct. 2243 (2016); *see* 18 U.S.C. § 924(e)(2)(B). In light of that decision, the Court vacated our opinion and remanded for reconsideration. *Stephens v. United States*, 137 S. Ct. 1334, 1334–35 (2017). We in turn remanded for resentencing. *United States v. Stephens*, 695 F. App'x 944 (6th Cir. 2017) (per curiam). But not before another case altered the landscape. In *Beckles v. United States*, the Supreme Court held that the guidelines' residual clause, unlike the Armed Career Criminal Act's residual clause, was not subject to a due process void-for-vagueness challenge because the guidelines are not mandatory. 137 S. Ct. 886, 892 (2017). Although the Sentencing Commission deleted the residual clause in 2016, that change was not retroactive. *See United States v. Jackson*, 901 F.3d 706, 708–10 (6th Cir. 2018). That meant the 2015 guidelines' residual clause still governed Stephens' resentencing. *Id.* at 708. And that meant Stephens' Tennessee burglary convictions qualified as crimes of violence if they "involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2015).

At resentencing, the district court concluded that Stephens' prior convictions satisfied the residual clause and that his guidelines range was still 188–235 months. Stephens agreed but sought a downward variance to 130 months based on his efforts to rehabilitate himself in prison. The government thought the original 180-month sentence remained appropriate. Striking a balance, the district court settled on 144 months.

Stephens appealed again. In the interim, still another case intervened. *United States v. Havis* held that attempted controlled substance offenses do not qualify for the career offender

enhancement. 927 F.3d 382, 386–87 (6th Cir. 2019) (en banc) (per curiam). Section 4B1.2(b) defines "controlled substance offense" as an offense punishable by more than a year in prison "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." It does not mention attempt crimes. Even though the commentary says the term includes "attempting to commit [a controlled substance] offense[]," *Havis* reasoned that this was an impermissible addition to the guidelines' text. 927 F.3d at 386–87; U.S.S.G. § 4B1.2(b) cmt. n.1.

The government concedes that Stephens no longer qualifies as a career offender under the reasoning of *Havis*. Here the underlying conviction is for conspiracy to distribute cocaine, 21 U.S.C. § 846, and the career offender guideline does not mention conspiracy offenses either, U.S.S.G. § 4B1.2(b). Only the commentary lists "conspiring . . . to commit [a controlled substance] offense[]" as a qualifying offense. U.S.S.G. § 4B1.2(b) cmt. n.1. In light of the government's concession, we vacate and remand for resentencing.