# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO BERNABE GONZALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-206-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Francisco Bernabe Gonzales pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine. The district court found that Gonzales qualified as a career offender under U.S.S.G. § 4B1.1 and ultimately sentenced him to 235 months of imprisonment. As he did in the district court, Gonzales argues that his prior Texas conviction for evading arrest or detention with a vehicle was not a crime of violence and, thus, he did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not qualify as a career offender.  However, he concedes that his argument is foreclosed by our decision in *United States v. Harrimon,* 568 F.3d 531 (5th Cir. 2009).   The Government has filed an unopposed motion for summary affirmance, or, in the alternative, a motion for an extension of time to file a responsive brief.

In *Harrimon,* 568 F.3d at 532-33, 536 (5th Cir. 2009), we held that the Texas offense of evading arrest or detention with a vehicle is a violent felony under the Armed Career Criminal Act (ACCA) because "fleeing by vehicle poses a serious risk of injury to others."  Our treatment of "violent felony" under the ACCA is interchangeable with our treatment of "crime of violence" under § 4B1.2(a).  *United States v. Moore,* 635 F.3d 774, 776 (5th Cir. 2011). "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."  *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, *Harrimon* forecloses Gonzales's contention that his offense was not a crime of violence.

The Government's motion for summary affirmance is GRANTED, its motion for an extension of time in which to file a brief is DENIED, and the judgment of the district court is AFFIRMED.  Appointed counsel's motion to withdraw and to appoint substitute counsel based on his acceptance of employment with the District Attorney's Office is GRANTED.