**UNITED STATES COURT OF APPEALS**

**TENAL CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL WALTON RAYMONDE,

Defendant - Appellant.

No. 14-1298
(D.C. No. 11-CR-00490-RBJ-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Defendant-Appellant Carl Walton Raymonde appeals from his conviction

and sentence for possession of a firearm and ammunition by a prohibited person,

18 U.S.C. §§ 922(g) & 924 (Count One), and possession of methamphetamine

with intent to distribute, 21 U.S.C. § 841(a)(1) & (b)(1)(B) (Count Two). He was

sentenced to 120 months on Count One and 216 months on Count Two, to run

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

concurrently, and supervised release terms of three and five years on Counts One and Two respectively, also to run concurrently. Mr. Raymonde's counsel filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and 10th Cir. R. 46.4(B)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We dismiss the appeal and grant counsel's motion to withdraw.

Background

Mr. Raymonde was indicted on four counts involving drugs, firearms, and body armor. He pled guilty to the first two counts. The plea agreement contains no waiver of appeal rights. 3 R.S. 4–13. Mr. Raymonde then filed a pro se motion to withdraw his guilty plea, id. at 22–23, which the district court denied because Mr. Raymonde was represented by counsel, II R. 28 (Doc. No. 299). After sentencing, Mr. Raymonde filed a pro se notice of appeal.

Discussion

In Anders, the Supreme Court explained that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Mr. Raymonde's counsel has done so by motion. Mr. Raymonde was served with a copy of the Anders brief, Aplt. Br. at 15, and the requisite notice by this court, 10th Cir. R.

46.4(B)(2) & App. A, 10th Cir. Form 4.  The government filed a response brief, as did Mr. Raymonde.

On appeal, counsel's Anders brief raises the following potentially appealable issues: (1) the district court's denial of Mr. Raymonde's Speedy Trial Act claims, (2) its denial of Mr. Raymonde's pro se motion to withdraw his guilty plea, and (3) whether the sentence is procedurally and substantively reasonable. Mr. Raymonde raises (4) whether he was properly classified as a career offender under the Sentencing Guidelines.  He argues that Colorado felony menacing does not qualify as a crime of violence under U.S.S.G. § 4B1.1.  He also argues (5) that the prosecutor "slightly breached" the plea agreement by not objecting to the sentence, an argument that is completely belied by the record.  3 R.S. 10–13; id. at 19.  Mr. Raymonde was advised in the plea agreement that the "advisory guideline range resulting from these calculations is 188–235 months."  Id. at 11; see also II R. 51–55.  He was sentenced in accord.

Pursuant to Anders, we conduct an independent review to decide whether these and any other issues Mr. Raymonde might raise are frivolous.  386 U.S. at 744.  After conducting such a review, including the plea and sentencing transcripts, we conclude that there are no non-frivolous claims.  See United States v. Calderone, 428 F.3d 928, 930 (10th Cir. 2005).

Mr. Raymonde waived his Speedy Trial Act claims by pleading guilty. United States v. Gins, 964 F.2d 972, 977 (10th Cir. 1992).  He could not show

that the district court abused its discretion in denying his pro se motion to withdraw his guilty plea given that he was represented by counsel. Moreover, the grounds of his motion, that the government might call arresting officers (who he claims battered him) at a sentencing hearing, 3 R.S. 22–23, does not constitute grounds for withdrawal of the plea. See Fed. R. Crim. P. 11(d)(2)(B).

Turning to the sentence, there is nothing to suggest procedural error, plain or otherwise. Insofar as the substantive reasonableness of the sentence, the district court weighed the various factors. See 18 U.S.C. § 3553(a). The court stated that an 18-year sentence would be grossly excessive but for a long history of criminal conduct, involvement with drugs, and assaultive behavior. II R. 83–85. Having considered other factors also, the district court cannot be said to have abused its discretion.

Finally, Mr. Raymonde's claim that Colorado felony assault committed with a weapon is not a crime of violence is in error, United States v. Herron, 432 F.3d 1127, 1137–38 (10th Cir. 2005), and the recent Supreme Court case he relies upon, Descamps v. United States, 133 S. Ct. 2276 (2013), does not alter that conclusion.

For the foregoing reasons, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge