[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15706
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20467-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE STREVIG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 31, 2016)

Before JORDAN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Jesse Strevig appeals his 84-month sentence following his guilty plea to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2.  We affirm.

## I.  BACKGROUND

In June 2015, Strevig entered the Community Bank ("Bank") in Florida City and approached a bank teller's counter.  Wearing bandages to cover his hands, Strevig gave the teller a note stating: "Put Money in Bag No Dye Packs Nobody Gets Hurt I have a Gun."  Jt. Factual Proffer at 57.  The teller complied with his demands and gave Strevig approximately $3,233.00, which included a tracking device.  Strevig took the cash and left the bank.  Law enforcement officers responded and soon located Strevig's clothing inside a dumpster near the Bank.  The stolen cash also was recovered near the dumpster.

The officers continued to canvas the area and noticed a white female walking back and forth in the street near the location of the money.  The female's arms were wrapped in bandages; she looked suspiciously at the officers.  The officers also had seen this female walking earlier that afternoon near the Bank with a white male, who fit the physical description of Strevig.  The officers found Strevig on the street outside of an apartment complex a few blocks from the Bank.  They patted him down and found additional bandages, matching those worn by the robber, in his back pocket.  Strevig agreed to be interviewed and admitted he had robbed the Bank.

Strevig pled guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2.  Prior to sentencing, a probation officer prepared a presentence investigation report ("PSI").  After calculating an initial offense level of 24, the probation officer concluded Strevig was a career offender under U.S.S.G. § 4B1.1, because he had two Maryland convictions for robbery, which are crimes of violence.  Under § 4B1.1, Strevig's offense level was increased to 32.  He received a three-level reduction for his acceptance of responsibility, resulting in an offense level of 29.  Because he was classified as a career offender, Strevig received a criminal-history category of VI.  With an offense level of 29 and a criminal-history category of VI, Strevig's Sentencing Guidelines range was 151 to 188 months of imprisonment.

At sentencing, Strevig argued his Maryland-robbery convictions could qualify as career-offender-predicate crimes only under the definition of "crime of violence" provided in the "residual clause" of the guideline, because there was no physical violence that generally is required.  Strevig acknowledged our court had held the Supreme Court decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), determining the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, does not apply to the career-offender guideline.  *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015).  He admitted his challenge was foreclosed by our precedent but stated his objection

3

was to preserve the issue for review.  The government agreed the residual clause of the career-offender guideline remained valid after *Johnson* under *Matchett* and maintained Strevig's robbery convictions qualified as career-offender predicates under the residual clause.  The government also noted robbery was enumerated in the guideline.  The district judge overruled Strevig's objection to the career-offender enhancement and concluded his Maryland-robbery convictions qualified as crimes of violence.  The judge adopted the PSI Sentencing Guidelines calculations but ultimately granted Strevig's request for a downward variance and sentenced him to 84 months of imprisonment, 67 months below his Guidelines range.

On appeal, Strevig argues the district judge erred in concluding he qualified as a career offender, based on his prior Maryland-robbery convictions.  First, he contends Maryland robbery is not a crime of violence under the "elements clause" of the career-offender guideline, because the Maryland statute may be violated by threats of force to property rather than persons and requires only a de minimis use of force.  Strevig further contends the residual clause of the guideline may not be applied in his case, because it is unconstitutional under *Johnson*.  He acknowledges we held otherwise in *Matchett* but contends *Matchett* was decided wrongly and is inconsistent with the decisions of other circuits as well as the government's concession *Johnson* applies to the career-offender guidelines in other cases.

4

Strevig asserts we should not apply *Matchett* in this case; alternatively, he argues

his case should be held in abeyance until the pending petition for rehearing en banc

in *Matchett* is resolved.  The petition for rehearing in *Matchett* was denied by this

court en banc on September 13, 2016.  *United States v. Matchett*, __ F.3d __, No.

14-10396, 2016 WL 4757211 (11th Cir. Sept. 13, 2016) (en banc).  Finally, Strevig

argues his sentence must be vacated, because Amendment 798 to the Sentencing

Guidelines, which took effect after Strevig was sentenced, struck the residual

clause from the career-offender guideline.  Strevig contends Amendment 798 is a

clarifying amendment and may apply retroactively on direct appeal.

## II. ANALYSIS

We review de novo whether a prior conviction qualifies as a "crime of

violence" under the Sentencing Guidelines.  *United States v. Lockley*, 632 F.3d

1238, 1240 (11th Cir. 2011).  To determine whether a prior conviction qualifies as

a career-offender-predicate crime, we generally apply the categorical approach.

*United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014).  Under that

approach, we look to the statutory elements of the prior crime to determine

whether those elements are the same as, or narrower than, the elements of the

generic crime.  *Descamps v. United States*, 570 U.S. __, __, 133 S. Ct. 2276, 2283

(2013).  We must assume the conviction "rested upon nothing more than the least

of the acts criminalized, and then determine whether even those acts are

encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. __,

__, 133 S. Ct. 1678, 1684 (2013) (citation, internal quotation marks, and alterations

omitted).  In applying the categorical approach, we may not consider the

underlying facts of the prior conviction to determine whether those facts fit the

generic crime.  *Descamps*, 570 U.S. at __, 133 S. Ct. at 2283.  "How a given

defendant actually perpetrated the crime . . . makes no difference; even if his

conduct fits within the generic offense, the mismatch of elements saves the

defendant from [a career-offender] sentence."  *Mathis v. United States*, 579 U.S.

__, __, 136 S. Ct. 2243, 2251 (2016).

The result is the same under the modified-categorical approach, which

applies only when the statute at issue is divisible, meaning it sets out multiple

elements in the alternative.  *See id.* at __, 136 S. Ct. at 2253-54; *Descamps*, 570

U.S. at __, 133 S. Ct. at 2281, 2283-85.  Under the modified-categorical approach,

we can look beyond the statutory elements of the crime to a limited class of

documents to determine which of the alternative elements formed the basis of the

defendant's prior conviction.  *Descamps*, 570 U.S. at __, 133 S. Ct. at 2281.  Like

the categorical approach, the modified-categorical approach focuses on the

elements of the prior crime, and the "underlying brute facts or means of

commission" are irrelevant.  *Mathis*, 579 U.S. at __, 136 S. Ct. at 2251 (citation

and internal quotation marks omitted).  Where a statute merely enumerates

6

multiple factual means of satisfying a single element, courts cannot apply the modified-categorical approach to determine whether the defendant's prior crime was committed by means that fall within the generic crime. *Id.* at __, __, 136 S. Ct. at 2251, 2253-54.

A defendant is a career offender under the Sentencing Guidelines, if (1) he was at least 18 years old when he committed the subject crime; (2) the crime is a felony involving violence or a controlled-substance; and (3) he had at least two prior felony convictions for a crime involving violence or a controlled-substance. U.S.S.G. § 4B1.1(a). The version of the Guidelines applicable at Strevig's sentencing defined the term "crime of violence" as any federal or state crime, punishable by a term of imprisonment exceeding one year, that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"], or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives [the "enumerated offenses"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

U.S.S.G. § 4B1.2(a) (2015).

In *Johnson*, the Supreme Court held the residual clause of the ACCA, which is identical to the residual clause contained in § 4B1.2(a)(2), is unconstitutionally vague, because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S.

at __, __, 135 S. Ct. at 2557-58, 2563.  In *Matchett*, we held the vagueness doctrine did not apply to the advisory Sentencing Guidelines; therefore, *Johnson* did not render the residual clause of § 4B1.2(a)(2) void.  *Matchett*, 802 F.3d at 1193-96.  The Supreme Court thereafter has granted certiorari in *Beckles v. United States*, 136 S. Ct. 2510 (2016), in which it will consider whether the *Johnson* constitutional holding applies to the residual clause of § 4B1.2(a)(2).

Effective August 1, 2016, the definition of "crime of violence" in § 4B1.2 has been amended.  *See* U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016).  Section 4B1.2(a)(1), the elements clause of the guideline, remains unaltered after Amendment 798.  *Id.*  Section 4B1.2(a)(2), however, no longer includes the residual clause and contains a revised list of enumerated offenses, along with clarifying commentary.  *See id.*  The amended version of § 4B1.2(a)(2) now includes robbery in the list of enumerated crimes of violence.  *Id.*  Under the previous version of § 4B1.2, robbery was not enumerated in the text of the guideline itself but instead was listed as a crime of violence in the commentary to § 4B1.2.  *See* U.S.S.G. § 4B1.2, cmt. n.1 (2015).  In explaining the reason for Amendment 798, the Sentencing Commission explicitly cited *Johnson* as its basis for striking the residual clause of § 4B1.2(a)(2) and noted significant litigation has ensued over the continuing viability of the residual clause of the guideline, and the residual clause of § 4B1.2 implicates many of the same concerns identified in

8

*Johnson.* U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016). The Sentencing Commission, however, has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment. *See id.*; *see also* U.S.S.G. § 1B1.10(d).

In reviewing a district judge's application of the Sentencing Guidelines, we apply the version of the Guidelines in effect at sentencing. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). When a subsequent amendment clarifies the meaning of a guideline, rather than making a substantive change, we will consider that amendment on appeal. *Id.*; *see also* U.S.S.G. § 1B1.11(b)(2) (directing courts to consider subsequent amendments to the Guidelines, to the extent they make clarifying, rather than substantive, changes). We consider several factors in determining whether an amendment is substantive or clarifying. *Jerchower*, 631 F.3d at 1185. First, we determine whether the amendment alters the text of the guideline itself, or only the commentary. *Id.* An alteration to the text shows a substantive change, whereas an amendment to the commentary is a clarification. *Id.* We then consider "whether the Commission has described an amendment as clarifying or whether its statements in the amendment commentary reflect a substantive change in the punishment for an offense." *Id.* Finally, we determine whether the amendment overturned circuit precedent. *Id.* An amendment that overturns circuit precedent indicates a substantive change but

9

might be considered clarifying if it "clarifies a meaning that was inherent in the original Guideline." *Id.* (citation and internal quotation marks omitted).

In Maryland, robbery is a prohibited crime punishable by a term of up to 15 years of imprisonment. Md. Code Ann., Crim. Law § 3-402. Under Maryland law, robbery "retains its judicially determined meaning," except:

(1) robbery includes obtaining the service of another by force or threat of force; and
(2) robbery requires proof of intent to withhold property of another:
   (i) permanently;
   (ii) for a period that results in the appropriation of a part of the property's value;
   (iii) with the purpose to restore it only on payment of a reward or other compensation; or
   (iv) to dispose of the property or use or deal with the property in a manner that makes it unlikely that the owner will recover it.

*Id.* § 3-401(e). The "judicially determined meaning" of robbery in Maryland is "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear." *Coles v. State*, 821 A.2d 389, 394 (Md. 2003) (citation and internal quotation marks omitted). "The hallmark of robbery . . . is the presence of force or threat of force, the latter of which also is referred to as intimidation." *Id.* at 395.

Maryland robbery requires more than "the mere snatching or sudden taking away of the property" to support a conviction. *Id.* at 396 (citation and internal quotation marks omitted). To commit robbery under Maryland law, a defendant must either exercise force sufficient to overcome the victim's resistance or put the

10

victim in sufficient fear to prevent the victim from resisting. *Thomas v. State*, 737 A.2d 622, 636 (Md. Ct. Spec. App. 1999). When a robbery is committed by actual violence, the application of physical force, "if there is any injury to the person of the owner in the taking of the property, or if he resists the attempt to rob him, and his resistance is overcome, there is sufficient violence to make the taking robbery, however slight the resistance." *West v. State*, 539 A.2d 231, 234 (Md. 1988) (citation and internal quotation marks omitted). The degree of force used is immaterial, as long as it "is sufficient to compel the victim to part with his property." *Id.* (citation and internal quotation marks omitted). "In other words, sufficient force must be used to overcome resistance and the mere force that is required to take possession, when there is no resistance, is not enough." *Id.* (citation and internal quotation marks omitted). When a robbery is committed by intimidation, a threat of force is sufficient to support a robbery conviction if, under the circumstances, a reasonable person would have been in fear of bodily harm. *Spencer v. State*, 30 A.3d 891, 898 (Md. 2011).

In *West*, the Maryland Court of Appeals cited with approval a case upholding a robbery conviction, where the defendant ripped the shoulder strap of the victim's bag from her shoulder. *West*, 539 A.2d at 235. The trial court had held "the purse snatching was accompanied by sufficient force to constitute robbery," because the ripping of the shoulder strap from the victim's arm "clearly

showed the requisite resistance to the taking." *Id.* The Maryland Court of Appeals contrasted those facts with the case before it and concluded the evidence was insufficient to support a robbery conviction, because the victim was never placed in fear, did not resist, was not injured, and was not aware her purse had been stolen until she saw the defendant running away. *Id.*

Strevig argues we should not consider his Maryland-robbery convictions under the residual clause of the career-offender guideline, because *Matchett* was wrongly decided. Under our prior-panel-precedent rule, we are bound by a prior panel's decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "[G]rants of certiorari do not themselves change the law"; we are bound to follow our precedent until the Supreme Court issues a decision that actually changes the law. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir.) (citation and internal quotation marks omitted), *cert. denied*, 135 S. Ct. 1580 (2015). The Supreme Court's granting certiorari in *Beckles* does not itself change the law or overturn *Matchett*. *Id.* *Matchett* remains binding precedent; we may consider Strevig's convictions under the residual clause of the guideline and need not hold his appeal in abeyance.

Strevig's contention we may not apply the residual clause, because Amendment 798 has removed that clause from § 4B1.2(a)(2), also fails. The Sentencing Commission has not decided to make Amendment 798 retroactive. Consequently, it may be applied retroactively only if it is a clarifying amendment rather than a substantive change to the career-offender guideline. *Jerchower*, 631 F.3d at 1184; U.S.S.G. § 1B1.11(b)(2); U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016). Considering the relevant factors, the removal of the residual clause in Amendment 798 is a substantive change. First, Amendment 798 alters the text of § 4B1.2(a)(2), not only the corresponding commentary. *See* U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016); *Jerchower*, 631 F.3d at 1185. Second, in explaining its reason for removing the residual clause from § 4B1.2(a)(2), the Sentencing Commission explicitly cited *Johnson*, a significant litigation had ensued over the continuing viability of the residual clause of the guideline following *Johnson* and stated the residual clause of § 4B1.2 implicated many of the same concerns identified in *Johnson*. *See* U.S.S.G. App. C, amend. 798 (Supp. Aug. 1, 2016). These statements show a substantive change to the career-offender guideline, rather than a clarifying change. *See Jerchower*, 631 F.3d at 1185. By removing the residual clause from § 4B1.2 under *Johnson*, Amendment 798 arguably has the effect of overturning or abrogating our holding in *Matchett*, by suggesting a substantive change. *See* U.S.S.G. App. C, amend. 798 (Supp. Aug. 1,

13

2016); *Matchett*, 802 F.3d at 1193-96; *Jerchower*, 631 F.3d at 1185.  Therefore,

removal of the residual clause of Amendment 798 is a substantive change that does

not apply retroactively to Strevig.  *Jerchower*, 631 F.3d at 1184-85; *see also*

U.S.S.G. § 1B1.11(b)(2).

Strevig arguably has waived or abandoned any challenge to the actual merits

of whether Maryland robbery qualifies under the residual clause, because he

conceded at sentencing that Maryland robbery qualifies as a crime of violence

under the residual clause.  He contends on appeal only that the residual clause is

invalid in view of *Johnson* and Amendment 798.  Nonetheless, we conclude

Maryland robbery does qualify as a crime of violence under the residual clause,

because it "involves conduct that presents a serious potential risk of physical injury

to another."  U.S.S.G. § 4B1.2(a)(2) (2015).

Maryland robbery requires the use or threatened use of force against the

victim; that force or threatened force must be sufficient to overcome the victim's

resistance or put the victim in fear of bodily harm.  *See Spencer*, 30 A.3d at 898;

*Coles*, 821 A.2d at 394; *West*, 539 A.2d at 234.  Mere sudden snatching is

insufficient to support a robbery conviction under Maryland law, *Coles*, 821 A.2d

at 396; instead, there must be some degree of direct confrontation between the

defendant and the victim, *see West*, 539 A.2d at 235.  The requirement of such a

confrontation between the defendant and the victim, involving the use or

14

threatened use of force, presents a serious potential risk of physical injury, even if Maryland robbery may be accomplished by a de minimis use of force. *See, e.g.*, *Lockley*, 632 F.3d at 1245-46 (explaining, under a Florida robbery statute, that robbery crimes involving the use or threatened use of force or violence present a serious potential risk of physical injury, because they involve a heightened danger of violent confrontation). Since the residual clause of § 4B1.2(a)(2) remains valid under *Matchett*, and Maryland robbery qualifies as a crime of violence under that clause, we conclude the district judge correctly determined Strevig was qualified as a career offender under his prior Maryland-robbery convictions. Because we conclude Maryland robbery qualifies under the residual clause, we need not address whether that crime would qualify as a crime of violence either as an enumerated offense or under the elements clause.

    **AFFIRMED.**