# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40470

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JOSE SALVADOR ORTIZ-CHAVIRA,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-806

Before JOLLY and ELROD, Circuit Judges, and STARRETT, District Judge.[*]

PER CURIAM:[**]

Jose Salvador Ortiz-Chavira ("Ortiz-Chavira") challenges the district court's application of a 12-level sentencing enhancement based on a previous burglary conviction under Texas law. There is no dispute that the district court erred in applying the 12-level enhancement under the Guidelines. But because that error was harmless, we affirm.

---

[*] District Judge for the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40470

I.

Ortiz-Chavira pleaded guilty to unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b).  Before his 2015 deportation, he had been convicted of burglary of a habitation under Texas Penal Code § 30.02.  His Presentence Investigation Report recommended a 12-level sentence enhancement because that Texas burglary conviction was a "crime of violence" within the meaning of Sentencing Guidelines § 2L1.2.  Ortiz-Chavira objected to the enhancement.

The district court overruled the objection and applied the recommended enhancement, bringing his total offense level to 17.  This offense level, paired with a criminal history category of III, yielded a Guidelines range of 30 to 37 months' imprisonment.  The court sentenced Ortiz-Chavira to 30 months.  In arriving at this decision, the district judge explained that she had considered the factors under 18 U.S.C. § 3553(a) and, even if the court incorrectly calculated the Guidelines range, a 30-month sentence was sufficient but not greater than necessary.  Ortiz-Chavira appeals.

II.

When reviewing a sentencing decision, we first "consider whether the district court committed a significant procedural error."  *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009).  The parties here agree that the district court erred in applying the 12-level enhancement.[1]  But "'not every procedural error will require outright reversal,' and 'certain "harmless" errors do not warrant reversal.'"  *United States v. Garcia-Figueroa*, 753 F.3d 179, 192 (5th Cir. 2014) (quoting *Delgado-Martinez*, 564 F.3d at 752).  Under this harmless-error standard of review, the proponent of the sentence "must

---

[1] On this record, it is unclear what the correct sentencing range would be. In any event, Ortiz-Chavira is no longer incarcerated.

No. 16-40470

first demonstrate that the district court would have imposed the same sentence outside of the appropriate Sentencing Guidelines range for the same reasons, and second, the proponent must show that the district court was not influenced by an erroneous Guidelines calculation." *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016) (citing *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010)).[2]

### III.

The record is clear that the district court would have imposed the 30-month sentence regardless of the appropriate Guidelines range and was not influenced by the erroneous Guidelines calculation. At sentencing, the district judge, invoking § 3553(a), stated,

> [E]ven if I'm wrong on that [Guidelines] scoring, I still think that a 30-month sentence is sufficient, but not greater than necessary. And it's really looking at everything that I've already gone over with you, the different convictions that you have on your record, continued involvement in criminal conduct, and then that deportation and then return two weeks after having been deported.
>
> Because of all of that, I think that a 30-month sentence is sufficient, but not greater than necessary.

Read plainly, the district judge said she would have imposed the same sentence regardless of the Guidelines and gave her reasons for doing so. This Court takes her at her word. And similar language has served as the basis for finding harmless error in other cases. *See, e.g.*, *United States v. Sanchez*, 850 F.3d 767, 769–70 (5th Cir. 2017); *Castro-Alfonso*, 841 F.3d at 298–99; *United States v. Richardson*, 713 F.3d 232, 237 (5th Cir. 2013).

---

[2] Ortiz-Chavira says there are different harmlessness metrics based on whether the district court considered the correct Guidelines range in determining the length of the defendant's sentence. Here, it is unclear whether the district court considered an alternative Guidelines range in addition to the miscalculated range. In any event, we affirm Ortiz-Chavira's sentence under the "more demanding" standard. *United States v. Rico-Mejia*, 859 F.3d 318, 323 (5th Cir. 2017).

No. 16-40470

The Court recognizes that the district judge twice referenced "the low end" when imposing the 30-month sentence. Ortiz-Chavira, citing *United States v. Martinez-Romero*, emphasizes this point to argue that the district court was influenced by the erroneous Guidelines range. 817 F.3d 917 (5th Cir. 2016). But *Martinez-Romero* is distinguishable. There, the sentencing court imposed a sentence at the bottom of the incorrect range *and* "expressly stated that Martinez's prior conduct was 'sufficient to justify a sentence *within th[e] range of 46–57 months*.'" *Id.* at 926 (emphasis added). The district court in this case imposed a sentence within the incorrect range but justified the precise sentence as opposed to the improper range. Quoting § 3553(a), the district judge unequivocally stated that 30 months' imprisonment was "sufficient, but not greater than necessary" for three reasons. The record "convince[s] us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error made in arriving at the defendant's guideline range." *Delgado-Martinez*, 564 F.3d at 753 (quoting *United States v. Huskey*, 137 F.3d 283, 289 (5th Cir. 1998)).

## IV.

In sum, we hold the procedural error in this case was harmless and does not warrant reversal. Ortiz-Chavira's sentence is

AFFIRMED.