# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11292

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO BERNABE GONZALES,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-206-1

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Bernabe Gonzales pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. He appeals the procedural and substantive reasonableness of his sentence. Because we find no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11292

## I.     BACKGROUND

In December 2013, Gonzales pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  The presentence report ("PSR") calculated a total offense level of 31[1] and a criminal history category of VI.  The base offense level was 32.  The PSR added two levels for possession of a firearm in furtherance of drug-trafficking and subtracted three levels for acceptance of responsibility.

The PSR stated that Gonzales was a career offender under U.S.S.G. § 4B1.1(b) for two prior felony convictions for crimes of violence: Burglary of a Habitation and Evading Arrest with a Vehicle.  This finding did not affect Gonzales's offense level because the offense level was greater than the career offender level.  However, it did affect his criminal history category.  His total criminal history score of 8 would have given him a criminal history category of IV.  However, because the PSR found that he was a career offender under U.S.S.G. § 4B1.1(b), he had a criminal history category of VI.  With a total offense level of 31, this meant the sentencing guidelines recommended a range of 188 to 235 months imprisonment.  Gonzales objected to the career offender finding, arguing that evading arrest with a vehicle is not a crime of violence. The district court overruled the objection and sentenced Gonzales to 235 months of imprisonment with a three year term of supervised release.

Gonzales appealed.  This court affirmed the district court judgment in March 2015. *United States v. Gonzales*, 598 Fed. App'x. 311 (5th Cir. 2015) (*cert. granted, judgment vacated*, 136 S. Ct. 84 (2015)).  Two months later, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act

---

[1] In at least one paragraph, the PSR mistakenly stated the total offense level was 32, which the court corrected in its ruling.

No. 16-11292

("ACCA") was unconstitutionally vague. *Id.* at 2557, 2563. The Supreme Court granted certiorari to Gonzales and remanded this case to this court "for further consideration in light of *Johnson.*" *Gonzales v. United States*, 136 S. Ct. 84 (2015). This court remanded to the district court, stating only: "IT IS ORDERED that appellant's opposed motion to remand case for resentencing is GRANTED."

The third addendum to the PSR concluded that the residual clause to the "crime of violence" definition in the guidelines, U.S.S.G. § 4B1.2(a)(2), must be invalid because this circuit treated cases involving the residual clauses of the ACCA and § 4B1.2(a)(2) interchangeably. *See United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). This meant Gonzales could not be a career offender and lowered his criminal history category to IV, giving him a guideline imprisonment range of 151 to 188 months. The district court disagreed and cited this court's decision, *In re Arnick*, 826 F.3d 787 (5th Cir. 2016), which noted that *Johnson* did not address the constitutionality of the sentencing guidelines. A fourth addendum to the PSR followed the district court's reasoning and found that Gonzales was a career offender with a criminal history category of VI, giving him a guidelines imprisonment range of 188 to 235 months.

The Government and Gonzales objected to the third addendum to the PSR because it applied the 2013 guidelines (those in effect at the time of original sentencing) rather than the 2015 guidelines (those in effect at the time of resentencing). Under the 2015 guidelines, Gonzales' base offense level would be 30 instead of 32. This would result in a lower guideline range of 151 to 188 months. The 2015 guidelines also got rid of the residual clause of U.S.S.G. § 4B1.2(a)(2), which would lower Gonzales' criminal history category as noted above. If both amendments were applied to Gonzales, he would have a guideline imprisonment range of 121 to 151 months. The fourth addendum

to the PSR rejected these arguments and continued to apply the 2013 guidelines.

At the sentencing hearing, the district court adopted the PSR as amended. The court again sentenced Gonzales to 235 months imprisonment and 3 years supervised release. A few months later, the Supreme Court upheld the constitutionality of the residual clause in U.S.S.G. § 4B1.2(a)(2). *Beckles v. United States*, 137 S. Ct. 886, 897 (2017).

## II. STANDARD OF REVIEW

We review a district court's interpretation of the sentencing guidelines and our remand orders *de novo*. *United States v. Amieva–Rodriguez*, 874 F.3d 898, 903 (5th Cir. 2017); *Janvey v. Alguire*, 847 F.3d 231, 245 (5th Cir. 2017). We apply a harmless error standard of review to procedural errors in applying the guidelines. *United States v. Ortiz–Chavira*, 873 F.3d 473, 474-75 (5th Cir. 2017).

We review arguments not raised to the district court for plain error. *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016). Under this standard, "when there was (1) an error below, that was (2) clear and obvious, and that (3) affected the defendant's substantial rights, a court of appeals has the *discretion* to correct it but no obligation to do so." *United States v. Galvan Escobar*, 872 F.3d 316, 319 (5th Cir. 2017) (emphasis in original) (internal quotation marks omitted). In order to show that a sentencing error affected the defendant's substantial rights, the defendant must show that "the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand." *Id.* at 319 (internal quotation marks omitted). "If the first three prongs are satisfied, we remedy the error '*only* if it seriously affected the fairness, integrity or public reputation of the judicial proceedings.'" *Id.* at 320 (citation omitted).

## III.   ANALYSIS

The parties dispute the meaning of this court's remand order following the Supreme Court's remand in light of *Johnson*.  As noted above, this court stated only: "IT IS ORDERED that appellant's opposed motion to remand case for resentencing is GRANTED."  Gonzales argues that, taken in combination with the Supreme Court's remand, this mandate implied that the district court should have applied *Johnson* during resentencing.  But even if the district court erred in interpreting its duty on remand, the error was harmless.  Because the Supreme Court ruled in *Beckles* that this guideline is not constitutionally infirm, *Beckles*, 137 S. Ct. at 897, this court will not require the district court to resentence under a rule that is now demonstrably incorrect, nor could we order the district court to rule at odds with *Beckles*.  Therefore, the district court's application of the career offender guideline must be affirmed.

Gonzales contends the sentence on remand was erroneous because the court failed to consider his post offense rehabilitation efforts.  We reject this argument because the third addendum to the PSR specifically referenced Gonzales's educational courses, GED certificate, and the fact that he had no disciplinary actions while in custody.  The court adopted the findings in the PSR.  The fact that the court did not explicitly mention specific § 3553(a) factors "does not mean that it did not consider them." *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Gonzales asserts the court erred on remand by failing to apply the 2015 guidelines.  When a sentence is remanded because it violated the law, the district court is to apply the same version of the guidelines that was in effect at the time of the original sentencing.  18 U.S.C. §§ 3742(g)(1), 3742(f)(1).  We hold that the district court did not err by reading our mandate as a remand for

5

No. 16-11292

a sentence "imposed in violation of law." Consequently, the district court did not err by applying the 2013 guidelines.

Gonzales argues that, even if the 2015 guidelines do not apply, the district court erred in failing to apply Amendment 798 because it is retroactive. Because Gonzales failed to raise this argument to the district court, we review for plain error. Amendment 798 struck the residual clause of the crime of violence definition in U.S.S.G. § 4B1.2(a)(2). This has none of the characteristics of a change that, according to our case law, is retroactive rather than substantive and thus prospective. *United States v. Solis*, 675 F.3d 795, 797-98 (5th Cir. 2012) (noting that the following are evidence that an amendment is clarifying and therefore retroactive: the Sentencing Commission has expressly stated it is clarifying, the amendment is listed in U.S.S.G. § 1B1.10(c) as being retroactively applicable, and the "amendment alters the language of commentary to a guideline rather than the language of the guideline itself." (citation omitted)). Gonzales cannot avail himself of Amendment 798.

Gonzales also argues that the district court erred by not considering Amendments 782 or 798 under 18 U.S.C. § 3553. First, these amendments were both discussed before the court at the resentencing hearing. In fact, the district court took pains to have both parties agree Gonzales could assert Amendment 782 in a later motion under 18 U.S.C. § 3582(c)(2). Second, Gonzales has failed to point to any caselaw that would require the district court to consider subsequent amendments to the guidelines under this section. Therefore, the district court did not err even if it did not consider these amendments under § 3553.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.