FILED
United States Court of Appeals
Tenth Circuit

May 26, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARL WALTON RAYMONDE,

    Defendant - Appellant.

No. 20-1254
(D.C. Nos. 1:18-CV-02246-RBJ &
1:11-CR-00490-RBJ-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Federal prisoner Carl Walton Raymonde seeks a certificate of appealability (COA)

to challenge the district court's denial of his 28 U.S.C. § 2255 motion. We deny

Raymonde's request for a COA and dismiss this matter.

**Background**

In 2014, Raymonde pled guilty to one count of being a felon in possession of a

firearm and ammunition, and one count of possession of methamphetamine with intent to

distribute. Based on Raymonde's prior Colorado convictions for menacing and

possession with intent to distribute marijuana, the district court found he was a career

_____

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offender under § 4B1.1 of the United States Sentencing Guidelines. In relevant part, § 4B1.1(a) defines a "career offender" as a defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sent'g Guidelines Manual (USSG) § 4B1.1 (U.S. Sent'g Comm'n 2013).[1] The court sentenced him to 120 months on the felon-in-possession count and 216 months on the other count, to run consecutively, plus terms of supervised release. We dismissed Raymonde's direct appeal because it raised no non-frivolous claims. *See United States v. Raymonde*, 604 F. App'x 751, 753 (10th Cir. 2015).

In 2018, Raymonde filed his § 2255 motion. He contended that under an intervening decision of this court, *United States v. McKibbon*, 878 F.3d 967, 976 (10th Cir. 2017), his prior conviction for possession with intent to distribute marijuana under Colorado law was not a qualifying offense for § 4B1.1 purposes and therefore he was not a career offender.[2] The government did not dispute that assertion, and the district court agreed with it. But the court determined that even without the marijuana

---

[1] The 2013 Guidelines Manual, effective November 1, 2013, applied at Raymonde's July 2014 sentencing. *See* USSG § 1B1.11(a)–(b)(1) (U.S. Sent'g Comm'n 2013) (providing that absent any ex post facto violations, courts must use the Guidelines Manual in effect on the date a defendant is sentenced). In its order denying the § 2255 motion, the district court cited the 2014 Guidelines Manual as the version applicable at sentencing, but that version did not take effect until November 1, 2014, after Raymonde was sentenced. Indeed, the presentence investigation report relied on the 2013 version. But the district court's citation to the 2014 version is not problematic, because in all relevant respects, it is identical to the 2013 version.

[2] According to Raymonde, if he was not deemed a career offender, his sentencing range would have been 110-137 months instead of the 188-235 months the district court used at sentencing.

conviction, Raymonde still had two qualifying § 4B1.1 offenses—the felony menacing conviction it had previously relied on (and which the parties agreed was a qualifying predicate offense) and a 2003 conviction for third-degree assault under Colo. Rev. Stat. § 18-3-204. The district court explained that when it had sentenced Raymonde in 2014, we had held in *United States v. Paxton*, 422 F.3d 1203, 1206-07 (10th Cir. 2005), that third-degree assault under Colorado law was a crime of violence for § 4B1.1 purposes by virtue of § 4B1.2's "residual clause." The residual clause defined § 4B1.1's term "crime of violence" as an offense "punishable by imprisonment for a term exceeding one year[] that . . . involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (U.S. Sent'g Comm'n 2013). The district court further noted that two years after Raymonde's sentencing, Amendment 798 to the Guidelines deleted the residual clause, *see* USSG Supp. to 2015 Guidelines Manual, Amend. 798 (effective Aug. 1, 2016), but the amendment is not among those listed in USSG § 1B1.10(d) (U.S. Sent'g Comm'n 2018) that apply retroactively. The district court therefore concluded that Amendment 798 could not provide Raymonde with retroactive relief. Thus, even after eliminating the marijuana conviction, Raymonde still had two qualifying § 4B1.1 offenses at the time of his 2014 sentencing. Consequently, the district court denied his § 2255 motion. The district court also denied Raymonde a COA.

**Standard of Review**

Before he may appeal, Raymonde must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, Raymonde must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court denied his § 2255 motion

3

on the merits, Raymonde can make the required showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Discussion**

Raymonde argues that because Amendment 798 deleted § 4B1.2's residual clause in 2016, the district court's reliance on the residual clause in 2020 to deny his § 2255 motion violates principles of fundamental fairness inherent in the Fifth Amendment's guarantee of due process.[3] He largely bases this argument on two premises: (1) the United States Sentencing Commission stated that it promulgated Amendment 798 in light of policy concerns generated by *Johnson v. United States*, 576 U.S. 591 (2015), where the Supreme Court determined that an identical residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(b), was unconstitutionally vague and therefore violated the Constitution's guarantee of due process; and (2) he was "sentenced for the first time pursuant to the residual clause four years after its repeal" through "retroactive application of a repealed clause," COA Appl. at 14.

We are not persuaded. Raymonde admits that *Beckles v. United States*, 137 S. Ct. 886 (2017), forecloses any vagueness challenge to § 4B1.2(a)(2)'s residual clause. *See Beckles*, 137 S. Ct. at 895 (holding that the advisory Sentencing Guidelines "are not

---

[3] Raymonde arguably raised this issue in a pro se submission the district court accepted for filing despite that Raymonde was represented by counsel. *See* R., Vol. I at 224 (arguing that "[t]he use of a prior offense to be applied to Mr. Raymonde's case now years after he was sentenced retrospectively also violates due process alongside the same principals [sic] of ex-post facto that also apply to New Judicial interpretations of the law"). The district court did not discuss or rule on the issue.

4

subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness"). He acknowledges the general rule that district courts must use the Guidelines Manual in effect when a defendant is sentenced. *See supra* note 1. And he concedes he is not entitled to retroactive benefit of Amendment 798.[4] We therefore fail to see how any similarity between *Johnson* and the policy reasons behind Amendment 798's deletion of the residual clause renders it

---

[4] Raymonde bases this concession on the Sentencing Commission's failure to expressly make Amendment 798 retroactively applicable. The Commission could have done so by listing Amendment 798 in USSG § 1B1.10(d). *See* USSG § 1B1.10(a) (U.S. Sent'g Comm'n 2018). But Raymonde's concession conflates principles applying to sentence reductions under 18 U.S.C. § 3582(c)(2) with those applying to § 2255 motions. The decision not to list an amendment in USSG § 1B1.10(d) concerns retroactive applicability in determining "[e]ligibility for consideration [for a sentence reduction] under . . . § 3582(c)(2)." USSG § 1B1.10 cmt. n.1 (U.S. Sent'g Comm'n 2018). In direct appeals and § 2255 proceedings, a Guidelines amendment can be retroactive even if it is not listed in § 1B1.10(d), provided it is a clarifying amendment and not a substantive amendment. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1174-75 (10th Cir. 2003) (explaining that on direct appeal and in § 2255 proceedings, "sentencing and reviewing courts may still give retroactive effect to amendments that are clarifying (as opposed to substantive), even if they are not listed in § 1B1.10([d]))" (internal quotation marks omitted)); *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) (explaining that a defendant is not entitled to a § 3582(c)(2) sentence reduction based on an amendment not listed in § 1B1.10(d), and arguments about whether an amendment is clarifying (and therefore retroactive) or substantive (and therefore not retroactive) can be raised only on direct appeal or in a § 2255 motion). Raymonde, however, does not argue that we should deem Amendment 798's deletion of the residual clause to be clarifying and retroactive rather than substantive and not retroactive. We therefore need not consider whether that portion of Amendment 798 is substantive for purposes of Raymonde's COA application. However, we note that all other circuits that have considered the issue have determined that the deletion is a substantive change and therefore not retroactive under the clarification doctrine. *See United States v. Jackson*, 901 F.3d 706, 710 (6th Cir. 2018); *United States v. Adkins*, 883 F.3d 1207, 1212 (9th Cir. 2018); *United States v. Wurie*, 867 F.3d 28, 35 & n.7 (1st Cir. 2017); *United States v. Gonzales*, 714 F. App'x 367, 370-71 (5th Cir. 2017); *United States v. Strevig*, 663 F. App'x 908, 913-14 (11th Cir. 2016).

reasonably debatable that the district court violated Raymonde's due process rights when it relied on the residual clause in identifying a second qualifying crime of violence and thereby denying his § 2255 motion.

Moreover, we disagree with Raymonde's second premise that the denial of his § 2255 motion four years after Amendment 798's effective date was, in essence, a resentencing that required the district court to evaluate Raymonde's career-offender status without regard to the residual clause. The denial of the § 2255 motion was not a resentencing but instead a reconsideration of whether he had two prior convictions at the time of his 2014 sentencing that qualified him as a career offender. Hence, the court did not retroactively apply a deleted or "repealed" Guidelines provision; it applied the residual clause because that clause was in effect at the time of Raymonde's sentencing. This was the proper course under § 2255, which in relevant part directs a court to "vacate and set the judgment aside and . . . resentence" a defendant when the court "finds . . . that the sentence imposed was not authorized by law." § 2255(b). By determining that Raymonde was in fact a career-offender at his 2014 sentencing by virtue of the menacing and assault convictions, the court found that the sentence it had imposed *was* authorized by law. It therefore did not need to—and did not—vacate the judgment and resentence Raymonde.

Finally, Raymonde relies on our discussion in *United States v. Brown*, 974 F.3d 1137, 1145 (10th Cir. 2020), regarding a district court's ability to reconsider, as part of resentencing under the First Step Act, a § 4B1.1 career-offender determination that was based on a legal conclusion regarding § 4B1.2(a)(1)'s elements clause that this court had

6

since rejected.[5]  Raymonde emphasizes our statements in *Brown* that the district court was "not required to ignore all decisional law subsequent to the initial sentencing" and that the court was "not obligated to err again." *Id.*  But this discussion turned on the fact that our intervening decisional law "was not an amendment to the law between [the time of the] original sentencing and [the] First Step Act sentencing; it was a clarification of what the law always was." *Id.*  Here, as discussed above, *see supra* note 4, Raymonde has not argued that Amendment 798 is a clarification of what the Guidelines always provided; he instead admits (consistent with the conclusions of other circuit courts) that it is not retroactively applicable.  *Brown*, therefore, provides no assistance in his effort to meet the COA standard.[6]

---

[5] The elements clause defines a crime of violence for § 4B1.1(a) purposes as "any offense . . . punishable by imprisonment for a term exceeding one year[] that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 4B1.2(a)(1) (U.S. Sent'g Comm'n 2018).

[6] Raymonde also discusses Amendment 798's downward-departure provision for cases where one or both of a defendant's prior felony convictions is based on an offense classified as a misdemeanor at the time of sentencing for the instant federal offense.  *See* COA Appl. at 12-13 (discussing USSG Supp. to 2015 Guidelines Manual, Amend. 798 cmt. 4 (effective Aug. 1, 2016)).  We decline to consider this discussion because he has not addressed whether that portion of Amendment 798 is retroactively applicable and, if so, how it implicates the denial of a constitutional right in this case. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

**Conclusion**

We deny Raymonde's application for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge